UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

MELVYN COLEMAN,

NO. CIV. S-96-0783 LKK/PAN P

      Petitioner,

  v.                                    O R D E R

BOARD OF PRISON TERMS, et al.,

      Respondents.

_____/

    Pending before the court is petitioner's motion for immediate release from custody.  Petitioner, a state prisoner represented by the Office of the Federal Defender, asserts that his July 2005 parole hearing was biased based on a gubernatorial policy against parole for inmates convicted of murder.  For the reasons set forth below, the court denies petitioner's motion.

    In 1974, petitioner was convicted of first degree murder and other charges.  Petitioner was sentenced under the indeterminate sentencing law to seven-years-to-life imprisonment.  Petitioner was denied parole in 1993 and in 1995.

1

1    In 1997, petitioner filed a writ of habeas corps claiming that

2 the California Board of Prison Terms had failed to conduct a fair

3 parole suitability hearing.  Specifically, petitioner maintained

4 that a blanket gubernatorial policy against parole for lifers

5 convicted of murder prevented him from obtaining a fair parole

6 hearing.

7    In December 2004, the magistrate judge recommended granting

8 the writ, finding that there was ample evidence of a gubernatorial

9 policy denying parole to almost all inmates convicted of murder.

10 This court adopted the magistrate judge's findings and

11 recommendations in May of 2005 and issued a conditional writ.  In

12 July of 2005, the petitioner was given a new hearing before two

13 commissioners.  The Board gave petitioner a 5 year denial of parole

14 suitability.

15    Petitioner brings the pending motion on the grounds that

16 between the issuance of the findings and recommendations in

17 December of 2004 and the July 2005 hearing, there was no change in

18 the gubernatorial policy and thus, the July hearing suffered the

19 same bias as the previous hearings.

20    Petitioner's counsel explained that although she attempted to

21 obtain current statistics regarding "parole suitability,

22 rescission, and Governor's review decisions during the 2005 and/or

23 2004-2005 calendar years," Pet.'s Mot. for Imm. Rel. at 4, she was

24 unable to receive these statistics.  Nonetheless, petitioner

25 maintains that there "has been no change in the Board's policies

26 and practices." Id.

1    Despite petitioner's assertion, there is simply no evidence

2   that the July 2005 parole hearing suffered from the same

3   constitutional defects as the parole hearings that occurred in the

4   1990s.  Petitioner's second amended petition, filed in 1997,

5   contained extensive documentation of a gubernatorial policy in

6   place in the early 1990s.  This documentation included pages of

7   statistics revealing that almost no California inmates convicted

8   of murder were being granted parole.  Also attached to the petition

9   were several newspaper articles discussing Governor Pete Wilson's

10  policy of personally blocking parole for life prisoners convicted

11  of murder.  It was upon this information that this court originally

12  granted the writ and petitioner was given a new parole hearing.

13    Petitioner fails to present any evidence that the

14  gubernatorial policy in place in the 1900s continued to be in place

15  in July 2005, when petitioner had his most recent parole hearing.

16  Since petitioner filed his amended petition in 1997, a new governor

17  has been elected and unlike the statistics and news articles

18  documenting Governor Pete Wilson's policy of not granting parole

19  to inmates convicted of murder, petitioner presents no evidence

20  that Governor Schwarzenegger is following the same policy.[1]

21

22    [1] The only other evidence put forth by petitioner is
    biographical information about one of the board members, Ms.
    Fischer, who sat on petitioner's July 2005 parole board.
23  Specifically, petitioner points to a government website in which
    it is revealed that from 1999 to 2004, she served as executive
24  director of the Doris Tate Crime Victims Bureau and before that,
    served on the organization's board of directors for seven years.
25  Petitioner maintains that this is further evidence that the parole
    board was biased.  The court cannot agree for the same reasons
26  stated above: there is simply no evidence of a policy of denying

1    In short, there is no evidence to suggest that the July 2005

2  parole hearing suffered from the same constitutional defect that

3  was present in the 1993 and 1995 parole hearings.  For these

4  reasons, petitioner's motion for immediate release is DENIED.

5    IT IS SO ORDERED.

6    DATED:  February 2, 2006.

7                                    /s/Lawrence K. Karlton
                                     LAWRENCE K. KARLTON
8                                    SENIOR JUDGE
                                     UNITED STATES DISTRICT COURT
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26  parole under the new governor's administration.

4